1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BRIAN TOOLEY,

           Petitioner,

      v.

JEFFREY UTTECHT,

           Respondent.

Case No. C10-936-TSZ-JPD

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

The interest of justice requires the Court to answer a novel question: should a fully briefed, fully exhausted 28 U.S.C. § 2254 habeas petition nonetheless be dismissed *without* prejudice due to petitioner's  apparent (post-stay) abandonment of this federal action in light of his partially *successful* state collateral attack that raised a number of unrelated grounds for relief that would, if raised in a later federal action, face a subsequent petition bar should the present petition be resolved on the merits?

The Court recommends **DISMISSING** Michael Brian Tooley's habeas petition *without* prejudice for failure to prosecute and failure to comply with court orders because doing so best preserves his habeas rights given his partially successful 2012 state collateral attack on several, unrelated issues and his decision not to communicate with the Court since February 2011.  In the alternative, the Court recommends **DENYING** Mr. Tooley's habeas petition on the merits

REPORT AND RECOMMENDATION
PAGE - 1

1    because it was objectively reasonable for the state appellate court to conclude that the Due

2    Process Clause was not violated, and the plea agreement was not breached, when the

3    prosecutor referred during sentencing to facts underlying an uncharged robbery.  *See* (Dkt. 4, at

4    5); 28 U.S.C. § 2254(d)(1)–(2).  An evidentiary hearing is unwarranted because the established

5    record refutes Mr. Tooley's habeas claim.  The Court recommends **GRANTING** issuance of a

6    certificate of appealability ("COA").

## II.  BACKGROUND

8        Mr. Tooley filed his federal habeas petition in June 2010, alleging a single ground for

9    relief: the State violated his right to due process when the prosecutor breached the plea

10   agreement by referring to an uncharged, first-degree robbery during sentencing for his guilty-

11   plea conviction on second-degree murder.  (Dkt. 4.)  Respondent conceded that this issue had

12   been fully exhausted and addressed the merits.  (Dkt. 11, at 3.)  Mr. Tooley then suggested for

13   the first time on reply that the federal habeas proceeding should be stayed during the pendency

14   of a state personal restraint petition ("PRP") that had been filed in June 2010.  (Dkt. 14, at 1–

15   2.)  The Court construed Mr. Tooley's brief to be a motion to stay and abey and ordered the

16   parties to submit supplemental briefing.  (Dkt. 15.)  Respondent stated his lack of opposition to

17   Mr. Tooley's motion to stay because the PRP proceeding raised four unrelated issues and, if

18   successful, the state-court action could moot the federal habeas petition.  (Dkt. 16.)  The Court

19   then stayed the habeas petition, voicing concerns that outright dismissal would mean that a

20   future federal habeas petition might be time-barred should the state PRP be dismissed as not

21   properly filed.  (Dkt. 17.)  The Court ordered Mr. Tooley and respondent *each* to file a status

22   report every ninety days, beginning on February 1, 2011.  (Dkt. 17, at 2.)

23       Mr. Tooley filed a status report in February 2011 (Dkt. 20) but thereafter filed nothing

24   with the Court. When both parties missed a status-report deadline, the Court again ordered the

25   parties *each* to file a status report by December 9, 2011.  (Dkt. 23.)  Respondent complied but

26   Mr. Tooley did not.  In March 2012, the Court ordered Mr. Tooley to show cause why the stay

REPORT AND RECOMMENDATION
PAGE - 2

1    should not be lifted because the State had reported that the state PRP proceeding had resulted

2    in partial relief and had been fully adjudicated.  (Dkt. 26.)  The Court warned that "a failure to

3    respond to this Order to Show Cause will be deemed a failure to prosecute his lawsuit in a

4    timely manner and may result in a recommendation that this petition be dismissed."  (*Id.* at 1.)

5    Mr. Tooley did not respond to the show-cause order.  The Court then lifted the stay and set a

6    schedule for optional, supplemental briefing given that all of the issues had earlier been fully

7    briefed.  (Dkt. 27.)  Neither party filed supplemental briefing.

8                                              **III.  DISCUSSION**

9             Although this case involves a fully briefed, fully exhausted ground for habeas relief, the

10   Court recommends dismissing the petition *without* prejudice for failure to prosecute and failure

11   to comply with court orders because circumstances suggest that doing so would be in the

12   interests of justice by preserving all of Mr. Tooley's habeas grounds for relief in light of his

13   apparent abandonment of the present federal habeas action.  In the alternative, the Court

14   recommends denying the habeas petition on the merits because the state-court adjudication that

15   no breach of the plea agreement occurred was not contrary to, or an unreasonable application

16   of, established Supreme Court authority, and was not an unreasonable determination of the

17   facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2).  An evidentiary

18   hearing is unwarranted because the established record refutes Mr. Tooley's habeas claim.

19   *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual

20   allegations or otherwise precludes habeas relief, a district court is not required to hold an

21   evidentiary hearing.").  The Court recommends granting issuance of a certificate of

22   appealability.

23   **A.      Dismissal Without Prejudice**

24            Mr. Tooley's inaction presents the Court with an unusual quandary.  On one hand, Mr.

25   Tooley has presented a fully exhausted habeas petition and there are no pending state-court

26   proceedings to prevent its immediate consideration.  On the other, Mr. Tooley was *successful*

REPORT AND RECOMMENDATION
PAGE - 3

on one out of four grounds for relief in his state-court PRP proceeding, which led to certain

terms of his community commitment being stricken.  (Dkt. 22-1.)  Had Mr. Tooley not ceased

all communications with the Court, he could have moved to amend his present federal habeas

petition to include additional, fully exhausted grounds.  Moreover, should the Court find

against him on the merits on the sole ground presented in his current habeas petition, Mr.

Tooley would face the high hurdle of having to seek authorization from the Ninth Circuit to

bring a second or successive habeas petition with these additional grounds in the future.  *See*

28 U.S.C. § 2244(b)(3)(A).   The Ninth Circuit will grant such authorization only if he can

make a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

*See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

The Court finds that the interest of justice is served by dismissing Mr. Tooley's habeas

petition without prejudice for failure to prosecute and for failure to comply with court orders.

Should Mr. Tooley act diligently, there do not appear to be any immediate concerns that a

future, federal petition will run afoul of the Antiterrorism and Effective Death Penalty Act's

("AEDPA") one year statute of limitations.  In July 2011, the Washington Court of Appeals

granted Mr. Tooley's PRP on one ground, striking the community custody condition directing

mental health evaluation and treatment, and denied his other three grounds for relief.  (Dkt. 22-

1), *also available at In re Tooley*, 2011 WL 2777350 (Wash. Ct. App. July 18, 2011).

Although the state appellate court denied the State's motion for reconsideration in August

2011, it also granted Mr. Tooley's motion for an extension of time to file a motion for

REPORT AND RECOMMENDATION
PAGE - 4

1  reconsideration.  (Dkt. 25, at 1–2.)  In February 2012, after Mr. Tooley had failed to file such a

2  motion, the state appellate court issued the mandate on the PRP.  (*Id.* at 2.)  That mandate was

3  then filed in the underlying criminal case at the trial-court level on **February 2, 2012**.  *See*

4  *State v. Tooley*, No. 05-1-09744-9 (entry dated Feb. 2, 2012), *located at* dw.courts.wa.gov (last

5  accessed July 10, 2012).  Under Washington law, the parties had thirty days to file an appeal of

6  the reentered judgment.  *See* Wash. R. App. P. § 5.2(a).  AEDPA's one-year statute of

7  limitations thus presumably began to run on **March 5, 2012** (the Monday following the end of

8  the 30-day time period on Saturday).  Mr. Tooley thus appears to have until **March 5, 2013**, to

9  file a federal habeas petition that may include any or all of his exhausted grounds for habeas

10  relief.  None of the dates can, however, be verified on the present record and Mr. Tooley

11  should not rely on the Court's illustrative calculations for determining whether a future petition

12  will or will not be timely.[1]

13         The Court recommends that Mr. Tooley's habeas petition be dismissed without

14  prejudice for failure to prosecute and for failure to comply with court orders.  This result best

15  accords with the interest of justice by preserving his present ground for habeas relief—as well

16  other, fully exhausted grounds—for federal habeas review at a later time.

17  **B.      Alternative: Denial on the Merits**

18         In the alternative, the Court recommends denying Mr. Tooley's habeas petition on the

19  merits.  Mr. Tooley contends that the State violated the Due Process Clause by breaching the

20  plea agreement during sentencing when the prosecutor referred to an uncharged, first-degree

21  robbery.  It was not unreasonable, however, for the state appellate court to conclude that the

22  plea agreement was not breached because Mr. Tooley had already stipulated to the real facts

23  underlying the uncharged robbery.

24 _____

25         [1] Although miscalculation of AEDPA's statute of limitations generally will not be considered an
    extraordinary circumstance warranting equitable tolling, *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2567
    (2010), and Mr. Tooley has hardly (of late) shown the necessary diligence in pursuing habeas relief, the Supreme

26  Court has held that a habeas petition would not be barred as second or successive when filed after a resentencing
    that led to entry of a new judgment, *Magwood v. Patterson*, __ US. __, 130 U.S. 2788, 2796 (2010).

REPORT AND RECOMMENDATION
PAGE - 5

1       Under *Santobello v. New York*, 404 U.S. 257, 261–62 (1971), a criminal defendant has a

2  due process right to enforce the grounds of his plea agreement.  *See also Brown v. Poole*, 337

3  F.3d 1155, 1159 (9th Cir. 2003).  The construction and interpretation of state-court plea

4  agreements "and the concomitant obligations flowing therefrom are, within broad bounds of

5  reasonableness, matters of state law."  *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

6  Washington follows the "real facts" doctrine, which "requires sentences to be based on the

7  defendant's current conviction, his criminal history, and the circumstances of the crime."  *State*

8  *v. Morreira*, 27 P.3d 639, 643 (Wash. Ct. App. 2001) (citation omitted).  The real facts

9  doctrine is based on RCW § 9.94A.530(2), which provides in relevant part:

> In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information **than is admitted by the plea agreement**, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537. . . . Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. . . .

RCW § 9.94A.530(2) (2008) (emphasis added), *declared unconstitutional in-part on other grounds*, *State v. Hunley*, 253 P.3d 448 (Wash. Ct. App. 2011), ***petition for review granted***, 262 P.3d 63 (Wash. 2011) (Table); *see Morreira*, 27 P.3d at 643.  Moreover, the ensuing subsection provides in relevant part:

> Facts that establish the elements of a more serious crime or additional crimes may not be used **to go outside the standard sentence range** except upon stipulation or when specifically provided for in RCW 9.94A.535(3) (d), (e), (g), and (h).

RCW § 9.94A.530(3) (2008) (emphasis added).

     At sentencing, the prosecutor referred to Mr. Tooley's conduct after he committed the second-degree murder:

> You add that in with the fact that after this was completed, the defendant went out and went to a local QFC with his gun and robbed the QFC for a lighter. Obviously he wasn't being threatened sexually when he went to the QFC, yet he continued in a violent way with a violent threat against another human being, another human being who had to face the possibility that someone was going to use a gun on him.  When you combine all of this violence together, I don't

REPORT AND RECOMMENDATION
PAGE - 6

1

believe a low end sentence is appropriate in the case, and a sentence at the high end is the most appropriate sentence.

2

(Dkt. 13 (State Court Record, hereinafter "SCR"), Exh. 12, at 5–6.)  Mr. Tooley's counsel

3

objected to this reference.  (SCR, Exh. 12, at 17.)  The sentencing judge agreed with defense

4

counsel and chose not to consider those facts when imposing the sentence.  (*Id.*)  The state

5

appellate court, however, disagreed with the sentencing judge.  In granting the State's motion

6

on the merits to affirm, the Court Commissioner found that the prosecutor's discussion of the

7

facts underlying the uncharged robbery did not breach the plea agreement:

8

9

10

11

12

> A plea agreement is a contract between the State and the defendant.  *State v. Sledge*, 133 Wn.2d 828, 838, 947 P.2d 1199 (1997).  The State's duty of good faith requires that it not undercut the terms of the agreement explicitly or implicitly by conduct evidencing an intent to circumvent the terms of the plea agreement.  *Sledge*, 133 Wn.2d at 840; *State v. Jerde*, 93 Wn. App. 774, 780, 970 P.2d 781 (1999).  The prosecutor's actions and comments are reviewed objectively from the sentencing record as a whole to determine whether the plea agreement was breached.

13

14

15

16

> Contrary to Tooley's assigned error, the State merely argued the stipulated "real facts" set forth in the Certification for determination of Probable Cause and the prosecutor's summary.  Those documents referred to the shop lift of the lighter at QFC and Tooley's use of the gun to threaten the store clerk.  Further, the State's reference to those facts was in the context of supporting the high end sentence the State agreed it would recommend.  The State did not explicitly or implicitly undercut the plea agreement.

17

(SCR, Exh. 3, at 3–4.)

18

Nothing in the record suggests that the state appellate court's adjudication of this issue

19

was contrary to, or an unreasonable application of, established Supreme Court authority, or

20

was an unreasonable determination of the facts in light of the evidence presented.  *See* 28

21

U.S.C. § 2254(d)(1)–(2).  The Court Commissioner noted that the plea agreement provided

22

that Mr. Tooley stipulated to the real facts set forth in the certification for determination of

23

probable cause and the prosecutor's summary.  (SCR, Exh. 3, at 1.)  The Certification for

24

Determination of Probable Cause noted that police "were dispatched to a shoplift call at the

25

QFC Store.  The shoplifter threatened an employee with a handgun when he was confronted

26

and fled in a car."  (*Id.* at 2.)  The prosecutor's summary noted that "[a]fter the homicide, the

REPORT AND RECOMMENDATION
PAGE - 7

1    defendant stole a lighter and threatened the clerk with a gun." (*Id.*)  Moreover, the State kept

2    its promise to recommend the high end of the standard range of 220 months plus the firearm

3    enhancement of 60 months, and Mr. Tooley was in fact sentenced to that term within the

4    standard range.  (*Id.*)

5    **C.      Certificate of Appealability**

6          If the district court adopts the Report and Recommendation, it must determine whether

7    a certificate of appealability should issue.  Rule 11(a), Rules Governing Section 2254 Cases in

8    the United States District Courts ("The district court must issue or deny a certificate of

9    appealability when it enters a final order adverse to the applicant.").  A COA may be issued

10   only where a petitioner has made "a substantial showing of the denial of a constitutional right."

11   *See* 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists

12   of reason could disagree with the district court's resolution of his constitutional claims or that

13   jurists could conclude the issues presented are adequate to deserve encouragement to proceed

14   further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

15         The Court recommends that Mr. Tooley be issued a COA both as to the procedural

16   issue of a dismissal without prejudice and as to the substantive basis for habeas relief because a

17   jurist could conclude that the issues presented are adequate to deserve encouragement to

18   proceed further.

19                              **IV.  CONCLUSION**

20         The Court recommends **DISMISSING** Mr. Tooley's habeas petition *without* prejudice

21   for failure to prosecute and failure to comply with court orders.  In the alternative, the Court

22   recommends **DENYING** Mr. Tooley's habeas petition on the merits because it was objectively

23   reasonable for the state appellate court to conclude that the Due Process Clause was not

24   violated, and the plea agreement was not breached, when the prosecutor referred during

25   sentencing to facts underlying an uncharged robbery.  28 U.S.C. § 2254(d)(1)–(2).  An

26   evidentiary hearing is unwarranted because the established record refutes Mr. Tooley's habeas

REPORT AND RECOMMENDATION
PAGE - 8

claim.  The Court recommends **GRANTING** issuance of a certificate of appealability.  The

Clerk is directed to send a copy of this Order to the parties and to the Honorable Thomas S.

Zilly.

DATED this 13th day of July, 2012.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9